IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-02215-FL

| LUTHER JENKINS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| JUSTIN ANDREWS, | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 15). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court dismisses the petition without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

On April 28, 1999, petitioner pleaded guilty in the United States District Court for the Western District of North Carolina to the following charges: possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count one) and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three). United States v. Jenkins, No. 3:99-CR-21-MOC (W.D.N.C. Apr. 28, 1999). On November 3, 1999, the sentencing court sentenced petitioner as a career offender to 202 months imprisonment on count one, and a consecutive term of 60 months imprisonment on count three. Id. (Nov. 3, 1999). Petitioner initially filed an appeal to the United States Court of Appeals for the Fourth Circuit, but he later

voluntarily dismissed the appeal. See United States v. Jenkins, No. 3:99-CR-21, 2006 WL 983899, at *1 (W.D.N.C. Apr. 11, 2006).

On September 22, 2000, petitioner filed his first pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising the following claims: (1) his guilty plea was not knowing and voluntary; (2) his conviction and sentence violated double jeopardy principles; (3) one of his prior drug convictions used at sentencing was unconstitutional; (4) that the sentencing court improperly used one of his prior convictions in the calculation of his criminal history; (5) entrapment; and (6) ineffective assistance of counsel. Jenkins v. United States, No. 3:00-CV-476 (W.D.N.C. Sept. 22, 2000, Dkt. Nos. 1 & 2). On January 21, 2003, the sentencing court dismissed all claims in petitioner's motion with prejudice, finding that the first five claims were procedurally defaulted because he failed to pursue them on direct appeal, and that his ineffective assistance of counsel claim lacked merit. Id. (Jan. 21, 2003). Petitioner appealed the dismissal order, but the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. United States v. Jenkins, 66 F. App'x 515 (4th Cir. 2003). Petitioner also filed a Petition for Writ of Certiorari to the United States Supreme Court seeking review of the Fourth Circuit's decision, but that petition was dismissed on March 22, 2004. Jenkins v. United States, 541 U.S. 952 (2004).

Thereafter, petitioner filed numerous pro se motions with the sentencing court, including a motion to correct his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and a motion to correct his sentence pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). Jenkins, No. 3:99-CR-21-MOC (Feb. 3, 2006 & July 6, 2005). The court construed petitioner's Booker and Apprendi motions as an attempt to bring successive § 2255 motions and denied them because

2

petitioner failed to obtain pre-filing authorization from the Fourth Circuit. Id. (Feb. 7, 2006) at 5-6. On February 24, 2006, Petitioner filed a motion for authorization to file a successive § 2255 application with the Fourth Circuit, which was summarily denied. Id. (Mar. 10, 2006).

On February 2, 2012, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Virginia, challenging his sentence under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Jenkins v. United States, No. 7:12-CV-52, 2012 WL 474386 (W.D. Va. Feb. 14, 2012). The district court concluded that sentencing challenges are not cognizable under § 2241 and dismissed the petition. See id. at *1-2.

On April 20, 2012, petitioner filed another § 2255 motion, again challenging his sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Jenkins v. United States, No. 3:12-CV-244 (W.D.N.C. Apr. 20, 2012). The sentencing court then appointed counsel to proceed with the claim. On December 11, 2012, appointed counsel filed a "Notice of FDWNC Determination of Ineligibility for *Simmons* Relief" noting her determination that petitioner was not eligible for relief under Simmons. Id. (Dec. 11, 2012). On December 12, 2012, the sentencing court dismissed all claims in the § 2255 motion and denied a certificate of appealability. Id. (Dec. 12, 2012). Petitioner appealed that ruling, and the Fourth Circuit declined to issue a certificate of appealability on June 26, 2013. United States v. Jenkins, 531 F. App'x 280 (2013).

On July 17, 2015, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, asserting that his sentence was improperly enhanced because he is not a career offender under the Fourth Circuit's decision in United States v. Brandon, 247 F.3d 186 (4th Cir. 2001). Jenkins v. Andrews, No. 5:16-HC-2215-FL (E.D.N.C. Aug. 29, 2016). Respondent

subsequently filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that the complaint fails to state a claim upon which relief can be granted. The motion was fully briefed.

## DISCUSSION

A.     Standard of Review

Although respondent does not contest jurisdiction, this court has an independent obligation to determine whether it has subject matter jurisdiction to consider the petition. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). At the pleading stage, the inquiry is whether the petition "fails to allege facts upon which subject matter jurisdiction can be based." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In this posture, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[All] facts alleged in the [petition] are taken as true, and the motion must be denied if the [petition] alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

B.     Analysis

Petitioner contends that he was improperly designated a career offender at sentencing pursuant to the principles set forth in United States v. Brandon. See Brandon, 247 F.3d at 196-97 (holding that North Carolina drug trafficking offense may not qualify as a serious drug offense for purpose of the Armed Career Criminal Act where the charged conduct only involves possession of a controlled substance).

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction and sentence. The legality of a prisoner's

4

conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Section 2255(e) – known as the "savings clause" – is a limit on the court's subject matter jurisdiction to consider the petition, and it cannot be waived by the parties. Rice v. Rivera, 617 F.3d 802, 806-07 (4th Cir. 2010); see also Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1340 (11th Cir. 2013). The burden is on the petitioner to allege sufficient facts to show that § 2255 is an inadequate or ineffective remedy. See Rice, 617 F.3d at 807; Anderson v. Andrews, 707 F. App'x 790 (4th Cir. 2018) (per curiam) (noting that petitioner "fails to satisfy his burden of demonstrating that 28 U.S.C. § 2255 (2012) is an inadequate or ineffective means of challenging the validity of his detention").

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. In re Vial, 115 F.3d at 1194 n.5.

Petitioner cannot show that since his first appeal and § 2255 motion the "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."

5

Jones, 226 F.3d at 334. The conduct to which petitioner pleaded guilty – possession with intent to distribute cocaine base and possession of a firearm during and in relation to a drug trafficking crime – remains criminal. The savings clause does not apply to a prisoner who seeks to challenge only his sentence, including application of the career offender sentencing enhancement. United States v. Poole, 531 F.3d 263, 267 & n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); Meredith v. Andrews, 700 F. App'x 283, 284 (4th Cir. 2017) (per curiam) (affirming dismissal of § 2241 petition challenging career offender designation for lack of subject matter jurisdiction); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (section 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor").

Because petitioner cannot satisfy the second prong of the Jones rule, the court lacks subject matter jurisdiction over the petition. See Rice, 617 F.3d at 806-07.

Attempting to avoid this result, petitioner argues that his case falls under a limited exception to the rule that sentencing challenges are not cognizable under § 2241. United States v. Surratt, 797 F.3d 240, 255 (4th Cir. 2015), reh'g en banc granted (Dec. 2, 2015), appeal dismissed as moot, 855 F.3d 218 (4th Cir. 2017). In Surratt, the Fourth Circuit explained that relief under § 2241 may be available where "a sentence [was] imposed above the proper statutory maximum." Id. Surratt has no precedential value because the panel decision was vacated. Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 459 (4th Cir. 1988). But even assuming Surratt is persuasive authority, it is inapposite: petitioner was sentenced to 202 months on count one, which is under the 240-month statutory maximum for 21 U.S.C. § 841(b)(1)(C) (1999), and a consecutive

6

term of 60 months on count three, which is the mandated sentence under 18 U.S.C. § 924(c) (1999).[1]
Thus, petitioner simply was not sentenced above the proper statutory maximum.[2] See Surratt, 797
F.3d at 256 (noting that Surratt himself would not qualify for the exception because his sentence was
not above the statutory maximum).

Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that
§ 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.
See In re Jones, 226 F.3d at 333. The court cannot convert this § 2241 petition into a § 2255 petition
because petitioner previously filed multiple § 2255 petitions. A second or successive § 2255 petition
may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that
the new petition contains either newly discovered evidence or relies upon "a new rule of
constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was
previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 205
(4th Cir. 2003). Petitioner does not allege that he has obtained such certification. Accordingly, he
may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED
without prejudice.

After reviewing the claims presented in the habeas petition in light of the applicable
standard, the court determines that reasonable jurists would not find the court's treatment of any of
petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed

---

[1] The court uses the 1999 versions of the statutes because petitioner was sentenced on November 3, 1999. See Jenkins, No. 3:99-CR-21-MOC (Nov. 3, 1999)

[2] Petitioner argues that the court should follow the rule set forth in Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), where the Sixth Circuit held that in certain limited circumstances a prisoner sentenced under the mandatory pre-Booker guidelines may use § 2241 to challenge his career offender designation. See id. at 599-600. Hill is not binding precedent in this circuit, and the Fourth Circuit has squarely held that sentencing challenges – including challenges, like petitioner's, to the career offender designation – are not cognizable under § 2241. See Poole, 531 F.3d at 267 & n.7; Meredith, 700 F. App'x at 284.

7

further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 15) is GRANTED, and the action is DISMISSED without prejudice. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 1st day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge